```
RECEIPT # 55124
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. CMG
DATE 5-7-04
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Docket Number:

| | |
|---|---|
| SUSAN GALLAGHER, Individually and as Co-Administratrix of the Estate of William J. Gallagher, JOHN J. GALLAGHER, Individually and as Co-Administrator of the Estate of William J. Gallagher, HALEY GALLAGHER, Individually, KELLY GALLAGHER, Individually,<br>PLAINTIFFS<br><br>v.<br><br>NICHOLAS COSTELLO, in his capacity as Mayor of the City of Amesbury, DR. STEPHEN J. GERBER, in his capacity as Superintendent of Schools, RAYMOND A. TIEZZI, in his capacity as Principal of the Amesbury Middle School, JOAN LANDERS, in her capacity as the Amesbury School District's Special Education Director, MARGARET FURLONG, Individually and in her capacity as Home Economics Teacher at the Amesbury Middle School, KATHERINE J. ANKIEWICZ, Individually and in her capacity as Special Need's Aide in the Amesbury Middle School,<br>DEFENDANTS | 04 10908 WGY<br><br>MAGISTRATE JUDGE _____<br><br>COMPLAINT |

PLAINTIFFS' CLAIM TRIAL BY JURY

PARTIES

1. The Plaintiff, Susan Gallagher, is an individual residing in Amesbury, Massachusetts and is the mother of William J. Gallagher. She is also the Co-Administratrix of the Estate of William J. Gallagher, Essex Probate and Family Court, Docket Number 01P3201VA1.

1

2. The Plaintiff, John J. Gallagher, is an individual residing in Amesbury, Massachusetts and is the father of William J. Gallagher. He is also the Co-Administrator of the Estate of William J. Gallagher, Essex Probate and Family Court, Docket Number 01P3201VA1.

3. The Plaintiff, William J. Gallagher (Bill), deceased, was the Son of John and Susan Gallagher and the brother of Haley and Kelly Gallagher. Bill died on May 9, 2001.

4. The Plaintiff, Haley Gallagher, is an individual residing in Amesbury, Massachusetts and is the sister of William J. Gallagher.

5. The Plaintiff, Kelly Gallagher, is an individual residing in Amesbury, Massachusetts and is the sister of William J. Gallagher.

6. The City of Amesbury, is a public employer as set forth in M.G.L.c. 258, § 1, *et seq*.

7. The Defendant, Nicholas Costello, Mayor of the City of Amesbury, is the head of the municipality governed by the laws of the Commonwealth of Massachusetts.

8. The Defendant, Dr. Stephen J. Gerber, is the Superintendent of Schools for the Independent School District of Amesbury, governed by the laws of the Commonwealth of Massachusetts.

9. The Defendant, Raymond A. Tiezzi, is the Principal of the Amesbury Middle School, Amesbury, Massachusetts, governed by the laws of the Commonwealth of Massachusetts.

10. The Defendant, Joan Landers, is the Director of Special Education at the Amesbury Middle School, governed by the laws of the Commonwealth of Massachusetts.

11. The Defendant, Margaret Furlong, is an individual and is the Home Economics Teacher at the Amesbury Middle School, Amesbury, Massachusetts, governed by the laws of the Commonwealth of Massachusetts.

12. The Defendant Katherine J. Ankiewicz, is an individual and is Special Needs Aide at the Amesbury Middle School, Amesbury, Massachusetts, governed by the laws of the Commonwealth of Massachusetts.

## JURISDICTION

13. Jurisdiction of this Court is based upon the Federal Tort Claims Act, 28 USC sec. 1332, Public Law 94-142, and the American Disability Act, with the matter in controversy exceeding the value of $75,000.00, exclusive of interest and costs, and the event which triggered the claim for wrongful death, loss of consortium, negligence, and other negligent events occurred in Amesbury,

Massachusetts.

14. Venue of the Court is based upon 28 USC sec. 1391 (a), the action being brought in the Judicial District in which all defendants reside and in which the claim arose.

In all paragraphs in Counts I through V, the term defendant shall refer to the defendants, Nicholas Costello, Dr. Stephen J. Gerber, Raymond A. Tiezzi, Joan Landers, Margaret Furlong, and Katherine J. Ankiewicz.

## COUNT I
### Americans with Disabilities Act/ Individuals with Disabilities Education Act and Public Law 93-112, The Rehabilitation Act of 1973 and M.G.L.c. 258, *et seq.*

15. William J. Gallagher ("Bill") was a 16 year old **special needs** student at the Amesbury Middle School, Amesbury, Massachusetts, covered by the Americans with Disabilities Act and Public Law 93-112, The Rehabilitation Act of 1973 and M.G.L.c. 258, *et seq.*

16. Bill had been a student in the Amesbury school system since 1990.

17. Throughout Bill's tenure in the Amesbury school system, and in particular at the Amesbury Middle School, his parents were asked to provide medical information and records regarding Bill's health.

18. Upon the request of the Amesbury school system, and in particular the Amesbury Middle School, Bill's parents provided the requested medical information and records to the Amesbury school system.

19. On numerous occasions, as early as 1990 and as recent as 2000, Bill's parents indicated on his medical records that he was "severely allergic to nuts and seeds".

20. On or about May 9, 2001, while attending a regularly scheduled home economics/life skills/cooking class, at the Amesbury Middle School, contrary to stated, obvious and otherwise cautionary documentation, Bill was fed by Margaret Furlong and/or Katherine J. Ankiewicz and by such feeding he was caused to ingest a variety of foods containing nut and seed ingredients, which earlier medical records, provided to the school by his parents, indicated clearly and without ambiguity that he was severely allergic to such nuts and seeds, and that such facts were known by said Margaret Furlong and Katherine J. Ankiewicz.

21. As a direct result of the feeding and ingesting of said ingredients, Bill began having trouble breathing and shortly thereafter lost consciousness.

22. Bill was transported to the Anna Jacques Hospital, Newburyport, MA, where he was pronounced dead at 3:14 p.m. on May 9, 2001.

23. Bill's death, as stated in the Chief Medical Examiner's report, is a direct result of ingesting foods that were cooked by and fed to him by his teacher and aide, which contained a variety of nuts at seeds.

24. Margaret Furlong, Bill's teacher and Kathleen J. Ankiewicz, her Aide, were agents of the Amesbury Middle School, the Amesbury school system and the City of Amesbury, and knew of Bill's severe allergies to nuts and seeds and further, that the ingesting of these products would likely result in Bill's death.

25. The City of Amesbury, through its Mayor Nicholas Costello, the Amesbury school system, through its Superintendent, Stephen J. Gerber, Raymond A. Tiezzi, principal of the Amesbury Middle School, Joan Landers, special education director, Margaret Furlong, teacher and Kathleen J. Ankiewicz, Aide, each and all of them failed to create a comprehensive policy for managing food-allergic students and in particular food allergic, special needs students, who are unable to adequately communicate their health care needs and concerns, one of which was Bill.

26. The actions of the Defendants, Margaret Furlong and Kathleen J. Ankiewicz, in hand feeding Bill the nuts and seeds were specific, unpermitted and intentional acts, which acts caused harm to Bill.

27. The failure of, Stephen J. Gerber, Raymond A. Tiezzi, Joan Landers, Margaret Furlong, and Kathleen J. Ankiewicz, to formulate a policy, as set out in paragraph 23, created a hazardous environment for Bill, which ultimately resulted in his death.

28. The feeding of the nuts and seeds to Bill was intentional act, and unpermitted touching, which act amounted to an Assault and Battery upon Bill and resulted in his death.

29. The City of Amesbury, through its Mayor Nicholas Costello, the Amesbury school system, through its Superintendent, Stephen J. Gerber, Raymond A. Tiezzi, principal of the Amesbury Middle School, Joan Landers, special education director, Margaret Furlong, teacher and Kathleen J. Ankiewicz, Aide, each and all of them failed to provide Bill with an appropriate public education, which was appropriate to his individual needs.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the wrongful death of William J. Gallagher and award damages and costs in an amount deemed just and reasonable.

## COUNT II

The Plaintiffs restate Paragraphs 1 through 29 of the Complaint and incorporate them herein by reference.

30. Susan Gallagher continues to suffer emotional distress as a result of the City of Amesbury's, the Amesbury School System's, the Amesbury Middle School's principal's, special education director's, teacher's and aid's failure to create a policy for food-allergic students and their negligent act of feeding her son food containing nuts and seeds.

31. John J. Gallagher continues to suffer emotional distress as a result of the City of Amesbury's, the Amesbury School System's, the Amesbury Middle School's principal's, special education director's, teacher's and aid's failure to create a policy for food-allergic students and their negligent act of feeding his son food containing nuts and seeds.

32. Haley Gallagher continues to suffer emotional distress as a result of the City of Amesbury's, the Amesbury School System's, the Amesbury Middle School's principal's, special education director's, teacher's and aid's failure to create a policy for food-allergic students and their negligent act of feeding her brother food containing nuts and seeds.

33. Kelly Gallagher continues to suffer emotional distress as a result of the City of Amesbury's, the Amesbury School System's, the Amesbury Middle School's principal's, special education director's, teacher's and aid's failure to create a policy for food-allergic students and their negligent act of feeding her brother food containing nuts and seeds.

34. The allegations contained in paragraphs 30, 31, 32 and 33, are hereby incorporated in the Wrongful Death Claim brought by Susan Gallagher and John J. Gallagher as Co-Administrators. Not withstanding the above, each has a separate claim brought by said Co-Administrators.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the Emotional Distress caused by the Assault and Battery of the Defendants Margaret Furlong and Kathleen J. Ankiewicz, and their failure to perform their duty to act with reasonable care to prevent harm to another as required by law; the failure of Stephen J. Gerber, Raymond A. Tiezzi, Joan Landers, Margaret Furlong, and Kathleen

J. Ankiewicz, to create and adhere to a comprehensive policy relating to the food allergic students, all of which resulted in the wrongful death of William Gallagher and that the Court award damages and costs in an amount deemed just and reasonable.

## COUNT III

The Plaintiffs restate Paragraphs 1 through 34 of the Complaint and incorporate them herein by reference.

35. Susan Gallagher continues to suffer emotionally from the loss of her Son's love and affection.
36. John Gallagher continues to suffer emotionally from the loss of his Son's love and affection.
37. Haley Gallagher continues to suffer emotionally from the loss of her Brother's love and affection.
38. Kelly Gallagher continues to suffer emotionally from the loss of her Brother's love and affection.
39. All of the allegations are incorporated in the Claim by Susan Gallagher and John J. Gallagher as Co-Administrators.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the Loss of Consortium, caused by the Assault and Battery of the Defendants Margaret Furlong and Kathleen J. Ankiewicz, and their failure to perform their duty to act with reasonable care to prevent harm to another as required by law; the failure of Stephen J. Gerber, Raymond A. Tiezzi, Joan Landers, Margaret Furlong, and Kathleen J. Ankiewicz, to create and adhere to a comprehensive policy relating to the food allergic students, all of which resulted in the wrongful death of William J. Gallagher and that the Court award damages and costs in an amount deemed just and reasonable.

## COUNT IV

The Plaintiffs restate Paragraphs 1 through 39 of the Complaint and incorporate them herein by reference.

40. The Defendant, Margaret Furlong, committed an unpermitted act, i.e., the feeding of the nuts and seeds to Bill, knowing that to do so would likely cause serious harm or death, said unpermitted act was an Assault and Battery upon Bill.
41. The Defendant, Kathleen J. Ankiewicz, committed an unpermitted act, i.e., the feeding of the nuts and seeds to Bill, knowing that to do so would likely cause serious harm or death, said unpermitted act was an Assault and Battery upon Bill.

42. The obligations of care custody and safety of the deceased William Gallagher was entrusted to the Defendant, Katherine J. Ankiewicz, and notwithstanding said obligation committed an intentional tort, to wit, an assault and battery, and infliction of intentional emotional distress.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for the intentional infliction of an Assault and Battery causing severe emotional distress and death and award damages and costs in an amount deemed just and reasonable.

## COUNT V

The Plaintiffs restate Paragraphs 1 through 42 of the Complaint and incorporate them herein by reference.

43. The City of Amesbury is a municipality, employing Stephen J. Gerber, Raymond A. Tiezzi, Joan Landers, Margaret Furlong, and Kathleen J. Ankiewicz, in accordance with 258, § 1, *et seq*, is a public employer, and as such is liable for the act of negligence of its employees, which lead to emotional distress, loss of consortium and wrongful death.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant and award damages and costs in an amount as the statute shall provide.

All counts are for the same action

THE PLAINTIFFS DEMAND A TRIAL BY JURY, ON ALL COUNTS, SO FAR AS THE SAME IS A RIGHT BY STATUTE, CUSTOM, AND/OR A LEGAL PRECEDENT

Dated: May 7, 2004

Plaintiffs,
By their Attorneys,

_Karen A. Gallagher_
Karen A. Gallagher
34 Atlantic Street
Gloucester, MA 01930-1625
Telephone: 978-281-5393
Fax: 978-282-4384
B.B.O. No. 563073

_Anthony M. Fredella_
Anthony M. Fredella
183 Orleans Street
Boston, MA 02128
Telephone: 617-567-0279
Fax: 617-567-8080
B.B.O. No.: 178160