UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Docket Number: 04 10908 WGY

| | |
|---|---|
| SUSAN GALLAGHER, Individually and as Co-Administratrix of the Estate of William J. Gallagher, JOHN J. GALLAGHER, Individually and as Co-Administrator of the Estate of William J. Gallagher, HALEY GALLAGHER, Individually, KELLY GALLAGHER, Individually,<br>                    PLAINTIFFS<br><br>          v.<br><br>NICHOLAS COSTELLO, in his capacity as Mayor of the City of Amesbury, DR. STEPHEN J. GERBER, in his capacity as Superintendent of Schools, RAYMOND A. TIEZZI, in his capacity as Principal of the Amesbury Middle School, JOAN LANDERS, in her capacity as the Amesbury School District's Special Education Director, MARGARET FURLONG, Individually and in her capacity as Home Economics Teacher at the Amesbury Middle School, KATHERINE J. ANKIEWICZ, Individually and in her capacity as Special Need's Aide in the Amesbury Middle School,<br>                    DEFENDANTS | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |

NOW COME Plaintiffs in the above-entitled action and responding hereby objects to the allowance of Defendants' Motion to Dismiss the Amended Complaint. As reasons therefore the plaintiffs respond as follows:

1

The Defendants contend that the Plaintiffs, in filing the Amended Complaint, which in many respects is duplicative of allegations in the Amended Complaint filed in Essex Superior Court, have committed an affront to judicial economy and claim preclusion.  The Plaintiffs respectfully dispute this interpretation.   In the Defendants' Memorandum of Reasons, paragraphs 6 and 7 appear to be the substance of the Defendants' argument.  It is true that the claims in essence are duplicative but the veracity of this fact is not the issue.

The claims of the Plaintiffs were commenced in the Essex Superior Court on February 20, 2003.  During the course of its pendancy, the Defendants filed a Motion for Stay of All Proceedings based upon the fact that its insurer was deemed to be insolvent.  During this period of time, the Plaintiffs were denied the opportunity to file any Pleadings or taking any action on the claims by an order of the Court.  Statutes of Limitations in both the state and federal court were running.  The Plaintiffs realized that any rights they may have had in the federal court after determination of state court proceedings would be barred by the Statute of Limitations.  Furthermore, the Defendants have filed a Partial Motion to Dismiss the Amended Complaint with the Essex Superior Court, which is pending. (See, Defendant's Exhibit A, Docket Entry No. 15)  Therefore, in order to protect any rights they may have had, it became incumbent upon the Plaintiffs to institute an action in the federal court on or before the Statutes of Limitations tolled on to May 8, 2004.  Indeed, in order to mitigate any additional judicial action, the Plaintiffs delayed as long as possible.

The Defendants insist that the federal court, indeed the District Court of the District of Massachusetts, held that in the case of Integrated Technologies, Ltd. v. Biochem Immunosystems, (U.S.) Inc, 2 F. Supp. 2nd 97, that dismissal was appropriate where a similar claim is pending in another Court.  The Defendants go on further, in paragraph 7, to give their reason why the Amended

2

Complaint should be dismissed stating "Because the Amended Complaint pending in this Court is duplicative of a complaint that plaintiffs previously filed and are pursing in a separate, pending action in Essex Superior Court, the Amended Complaint pending in this Court should be dismissed on grounds of judicial economy, and pursuant to the doctrine against claim splitting.") The <u>Integrated</u> case did not so hold. It specifically held that in cases such as this one before the Court, there may be good and viable reasons why the case should be able to proceed on the Amended Complaint. It specifically cited an instance where, because a Statute of Limitation issue was presented and there had been no determination in the earlier filed case, and thus, no judgment on the merits, res judicata (claim preclusion) or "claim splitting", would not be an appropriate determinate on a Motion to Dismiss.

In other words, a Motion to Dismiss at this time is premature. If the Court were to rule on this Motion, it would jeopardize the Plaintiffs' rights to an adjudication of the merits in either the state action or this action.

A further reason as to whether to deny the Motion to Dismiss or stay a decision on the Motion is that in order for claim preclusion or res judicata to apply, the issues, parties, and transaction must all have been precisely the same in the prior action and the subsequent action. The action pending in the Massachusetts State Court and especially those relating to violations of civil rights, may be treated differently in the application by the State Court of Massachusetts Law, i.e., statutory caps, than may be available in the Federal Courts. In addition, the Federal Court is free to apply federal precedent on the issues, which may be different from those precedents applied by the Massachusetts Courts. Accordingly, the issues determined by one court may not be the same as that which might be potentially determined by the other.

3

Conclusion:

     Plaintiffs' respectfully submit that an allowance of the Motion to Dismiss at this stage of the proceedings is premature and to decide the motion at this time might preclude the Plaintiffs of their entitlement of an adjudication of one of their claims. Therefore the Plaintiff's request that the Defendants' Motion be decided without prejudice or stayed.

Dated: December 16, 2004

Plaintiffs,
By their Attorney,

s/*Anthony M. Fredella*

Anthony M. Fredella
183 Orleans Street
Boston, MA 02128
Telephone: 978-618-3756
Fax: 617-567-8080
ynotlaw@aol.com
kag@adelphia.net
B.B.O. No.: 178160