UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10908-WGY

SUSAN GALLAGHER, Individually and as Administratrix of the Estate of William J. Gallagher, JOHN J. GALLAGHER, Individually and as Administrator of the Estate of William J. Gallagher, HALEY GALLAGHER, Individually, KELLY GALLAGHER, Individually,

Plaintiffs

v.

NICHOLAS COSTELLO, in His Capacity as Mayor of the City of Amesbury, DR. STEPHEN J. GERBER, in His Capacity as Superintendent of Schools, RAYMOND A. TIEZZI, in His Capacity as Principal of the Amesbury Middle School, JOAN LANDERS, in Her Capacity as the Amesbury School District's Special Education Director, MARGARET FURLONG, in Her Capacity as Home Economics Teacher at the Amesbury Middle School, KATHERINE J. ANKIEWICZ, in Her Capacity as Special Needs Aides in the Amesbury Middle School,

Defendants

ANSWER OF DEFENDANTS

The uncaptioned introductory statement to the Complaint comprises contentions as to matters of law not requiring a response by defendants. To the extent a response is required, the allegations set forth therein are denied.

PARTIES

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5.

6. The allegations set forth in Paragraph 6 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, the same are admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## FACTUAL ALLEGATIONS

13. Admitted that plaintiffs' decedent, at all relevant times, was a 16-year-old special needs student at the Amesbury Middle School. The remaining allegations in this paragraph comprise contentions as to matters of law not requiring a response.

14. Admitted.

15. Denied that the decedent's parents were asked to provide "records regarding Bill's health." The remaining allegations in this paragraph are admitted.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. Admitted that the decedent was transported from the school to the hospital by ambulance. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

38. Defendants state that the referenced Examiner's report speaks for itself, and that no further response to the allegations set forth in Paragraph 38 is required. To the extent a response is required, said allegations are denied.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40.

## COUNT I

### Liability of the City under G.L. c.258, §2

**A. Negligence of Margaret Furlong and Katherine J. Ankiewicz**

Defendants restate the Responses set forth in Paragraphs 1 through 40 and incorporate them herein by reference.

41. The allegations set forth in Paragraph 41 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted, only to the extent that the City of Amesbury is subject to the Massachusetts Tort Claims Act, G.L. c.258, §2.

42. The allegations contained in this paragraph are too vague to permit a reasoned response.

43. The allegations contained in this paragraph are too vague to permit a reasoned response.

44. Denied

45. Denied.

46. Admitted that the decedent was transported to the Hospital. The defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

47. Denied.

48. Defendants state that the referenced Examiner's report speaks for itself, and that no further response to the allegations set forth in Paragraph 48 is required. To the extent a response is required, said allegations are denied.

49. Denied.

**B.** **Emotional Distress**

Defendants restate the Responses set forth in Paragraphs 1 through 49 and incorporate them herein by reference.

50. Denied.

51. Denied.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67.

68. Defendants state that the referenced Examiner's report speaks for itself, and that no further response to the allegations set forth in Paragraph 68 is required. To the extent a response is required, said allegations are denied.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

## COUNT II

### Personal Liability of Margaret Furlong under G.L. c.258, §10(c)
### The Intentional Tort of Assault and Battery

Defendants restate the Responses set forth in Paragraphs 1 through 73 and incorporate them herein by reference.

74. Denied.

75. Denied.

76. Denied.

77. Admitted that the decedent was transported to the hospital. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT III

### Personal Liability of Katherine J. Ankiewicz under G.L. c.258, §10(c)
### The Intentional Tort of Assault and Battery

Defendants restate the Responses set forth in Paragraphs 1 through 82 and incorporate them herein by reference.

83. Denied.

84. Denied.

85. Denied.

86. Admitted that the decedent was transported to the hospital. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT IV

### Personal Liability of Margaret Furlong based upon G.L. c.258, §10(c)
### Intentional Infliction of Emotional Distress

Defendants restate the Responses set forth in Paragraphs 1 through 91 and incorporate them herein by reference.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## COUNT V

### Personal Liability of Katherine J. Ankiewicz based upon G.L. c.258, §10(c)
### Claim of Intentional Infliction of Emotional Distress

Defendants restate the Responses set forth in Paragraphs 1 through 98 and incorporate them herein by reference.

99. Denied.

100. Denied.

101. Denied

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT VI

### Personal Liability of Margaret Furlong and Katherine J. Ankiewicz
### Loss of Consortium

Defendants restate the Responses set forth in Paragraphs 1 through 105 and incorporate them herein by reference.

106. Defendants admit that plaintiffs' decedent, at all relevant times, was a 16-year-old special needs student at the Amesbury Middle School. The remaining allegations comprise contentions as to matters of law not requiring a response by the defendant.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## COUNT VII

<u>Personal Liability of Margaret Furlong based upon her exercise of a discretionary function under G.L. c.258, §10(c)</u>

Defendants restate the Responses set forth in Paragraphs 1 through 113 and incorporate them herein by reference.

114. Denied.

115. The allegations set forth in Paragraph 115 are too vague to permit a reasoned response.

116. Defendants state that the allegations set forth in Paragraph 116 do not require a response. To the extent a response is required, said allegations are denied.

117. Denied.

118. Denied.

## COUNT VIII

<u>Personal Liability of Katherine J. Ankiewicz based upon her exercise of a discretionary function under G.L. c.258, §10(c)</u>

Defendants restate the Responses set forth in Paragraphs 1 through 118 and incorporate them herein by reference.

119.  Denied.

120.  The allegations set forth in Paragraph 120 are too vague to permit a reasoned response.

121.  Defendants state that the allegations set forth in Paragraph 121 do not require a response.  To the extent a response is required, said allegations are denied.

122.  Denied.

123.  Denied.

## COUNT IX

### Americans With Disabilities Act (42 U.S.C. §12132); the Rehabilitation Act of 1973 (29 U.S.C. §504); Individuals with Disabilities Education Act (IDEA) (20 U.S.C. §1400); and G.L. c.258, *et seq.*

Defendants restate the Responses set forth in Paragraphs 1 through 123 and incorporate them herein by reference.

124.  Denied.

125.  The allegations set forth in Paragraph 125 comprise contentions as to matters of law not requiring a response.  To the extent a response is required, said allegations are denied.

126.  Denied.

127.  Denied.

## COUNT X

### Liability of all Defendants under 42 U.S.C. §1983

Defendants restate the Responses set forth in Paragraphs 1 through 135 [sic] and incorporate them herein by reference.

128. The allegations set forth in Paragraph 128 comprise contentions as to matters of law not requiring a response.

129. Denied.

130. Denied.

131. The allegations set forth in Paragraph 131 comprise contentions as to matters of law not requiring a response.

## COUNT XI

### Constitutional Rights of the Plaintiffs to a Complete Trial by Jury

Defendants restate the Responses set forth in Paragraphs 1 through 131 and incorporate them herein by reference.

132. The allegations set forth in Paragraph 132 comprise contentions as to matters of law not requiring a response.

133. The allegations set forth in Paragraph 133 comprise contentions as to matters of law not requiring a response.

## COUNT XII

### Pre-emption of G.L. c.258, §2

Defendants restate the Responses set forth in Paragraphs 1 through 133 and incorporate them herein by reference.

134. Denied.

135. The allegations set forth in Paragraph 135 comprise contentions as to matters of law not requiring a response.

136. The allegations set forth in Paragraph 136 comprise contentions as to matters of law not requiring a response.

137.   The allegations set forth in Paragraph 137 are too vague to permit a reasoned response.

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for lack of jurisdiction.

### SECOND DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### THIRD DEFENSE

The Complaint should be dismissed for improper service of process.

### FOURTH DEFENSE

The Complaint is barred by the applicable statute of limitations.

### FIFTH DEFENSE

The Complaint should be dismissed for failure to present the claim and give notice in accordance with G.L.c. 258, §4.

### SIXTH DEFENSE

The named individual defendants are immune from liability pursuant to G.L.c. 258, §2.

### SEVENTH DEFENSE

This action consists of claims upon which the City is rendered immune from liability pursuant to the "public duty doctrine" and G.L.c. 258, §10.

### EIGHTH DEFENSE

If plaintiffs sustained damages as alleged in the Complaint, the same were caused by the acts or omissions of a third person or persons, which acts the defendants had no reason to anticipate and over which person or persons the defendant had no control.

## NINTH DEFENSE

The Complaint fails to state a claim for individual capacity liability.

## TENTH DEFENSE

Defendants state that claims in this action consist of claims based upon the performance or failure to perform a discretionary function or duty on the part of a public employee acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover for said claims.

## ELEVENTH DEFENSE

Plaintiffs lack standing to maintain individual claims pursuant to G.L. c. 229, §2.

## TWELFTH DEFENSE

Plaintiffs' recovery on theories of negligence is barred or subject to diminution pursuant to G.L. c.231, §85.

## THIRTEENTH DEFENSE

Defendants Ankiewicz and Furlong deny committing an unprivileged touching of the person of the decedent.

## FOURTEENTH DEFENSE

Defendants Ankiewicz and Furlong deny that their conduct was extreme and outrageous, which they knew or should have known would cause severe distress to the decedent.

## FIFTEENTH DEFENSE

Plaintiffs lack standing to maintain a claim pursuant to G.L. c.231, §85X.

## SIXTEENTH DEFENSE

Plaintiffs lack standing to maintain their claims under the Americans With Disabilities Act, Rehabilitation Act, and Individuals with Disabilities Education Act.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred for a failure to exhaust administrative remedies.

## JURY CLAIM

Defendants respectfully demand a trial by jury.

                              DEFENDANTS,

                              By their attorneys,

                              /s/Joseph L. Tehan, Jr._____
                              Joseph L. Tehan, Jr. (BBO #494020)
                              Jackie Cowin (BBO# 655880)
                              Kopelman and Paige, P.C.
                              31 St. James Avenue
                              Boston, MA  02116
                              (617) 556-0007

241539/METG/0409