UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Docket Number: 04 10908 WGY

| | |
|---|---|
| SUSAN GALLAGHER, Individually and as Co-Administratrix of the Estate of William J. Gallagher, JOHN J. GALLAGHER, Individually and as Co-Administrator of the Estate of William J. Gallagher, HALEY GALLAGHER, Individually, KELLY GALLAGHER, Individually,<br>　　　　　　　　　　PLAINTIFFS<br><br>v.<br><br>NICHOLAS COSTELLO, in his capacity as Mayor of the City of Amesbury, DR. STEPHEN J. GERBER, in his capacity as Superintendent of Schools, RAYMOND A. TIEZZI, in his capacity as Principal of the Amesbury Middle School, JOAN LANDERS, in her capacity as the Amesbury School District's Special Education Director, MARGARET FURLONG, Individually and in her capacity as Home Economics Teacher at the Amesbury Middle School, KATHERINE J. ANKIEWICZ, Individually and in her capacity as Special Need's Aide in the Amesbury Middle School,<br>　　　　　　　　　　DEFENDANTS | <u>PLAINTIFFS' AUTOMATIC DISCLOSURE STATEMENT PURSUANT TO FED.R.CIV.P26(a) AND L.R.26.2(A)</u> |

　　　　In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A), as made the following disclosures based on the information that is reasonably available at this time. Plaintiff reserves the right to make additional disclosures and/or use documents not described herein as additional information becomes available.

**Persons Likely to Have Discoverable Information Relevant To Disputed Facts**

| | | |
|---|---|---|
| 1. | Keeper of the Records<br>City of Amesbury<br>c/o David Hilt<br>Mayor of Amesbury<br>62 Friend Street<br>Amesbury, MA 01913-2886 | These records may establish knowledge of one or more of the defendants as to the mental and medical condition of the Decedent. |
| 2. | Keeper of the Records<br>Amesbury School Department<br>c/o David Hilt<br>Mayor of Amesbury<br>62 Friend Street<br>Amesbury, MA 01913-2886 | These records may establish knowledge of one or more of the defendants as to the mental and medical condition of the Decedent. |
| 3. | Keeper of the Records<br>Amesbury Middle School<br>c/o David Hilt<br>Mayor of Amesbury<br>62 Friend Street<br>Amesbury, MA 01913-2886 | These records may establish knowledge of one or more of the defendants as to the mental and medical condition of the Decedent. |
| 4. | Joan Landers<br>c/o David Hilt<br>Mayor of Amesbury<br>62 Friend Street<br>Amesbury, MA 01913-2886 | Evidence adduced from this witness will establish her prior knowledge of the Decedents condition in all areas and specifically her knowledge of his allergy and his abilities. She will further provide evidence as to events leading up to the demise of the Decedent and events thereafter. |
| 5. | Margaret Furlong<br>10 Elmira Avenue<br>Newburyport, MA 01950-1702 | Evidence adduced from this witness will establish her prior knowledge of the Decedents condition in all areas and specifically her knowledge of his allergy and his abilities. She will further provide evidence as to events leading up to the demise of the Decedent and events thereafter. |
| 6. | Katherine Ankeiwicz<br>51 Powow Street<br>Amesbury, MA 01913 | Evidence adduced from this witness will establish her prior knowledge of the Decedents condition in all areas and specifically her knowledge of his allergy and his abilities. She will further provide evidence as to events leading up to the demise of the Decedent and events thereafter. |
| 7. | Carol Frost<br>c/o David Hilt | Evidence adduced from this witness will establish her prior knowledge of the Decedents condition |

|   |   |   |
|---|---|---|
|    | Mayor of Amesbury<br>62 Friend Street<br>Amesbury, MA 01913-2886 | in all areas and specifically her knowledge of his allergy and his abilities. She will further provide evidence as to events leading up to the demise of the Decedent and events thereafter. |
| 8. | Amesbury Fire Department Ambulance | Provide medical records, reports or other matters relating to the incident. |
| 9. | Anna Jacques Hospital<br>25 Highland Ave.<br>Newburyport, MA 01950 | Will provide medical records related to the treatment diagnosis and autopsy of the Decedent |
| 10. | John J. Gallagher<br>10 Merrill Ave.<br>Amesbury, MA 01913 | Briefly, will establish the Defendants' prior knowledge of his son's, the Decedent's, food allergies. He will also provide evidence of his observations of the events of May 9, 2001 leading up to the demise of his son, the Decedent. In addition, he will establish the severe emotional distress and loss of consortium experienced as a result of his son's death. |
| 11. | Susan Gallagher<br>10 Merrill Ave.<br>Amesbury, MA 01913 | Briefly, she will establish the Defendants' prior knowledge of her son's, the Decedent's, food allergies. She will also provide evidence of her observations of the events of May 9, 2001 leading up to the demise of the Decedent. In addition, she will establish the sever emotional distress and loss of consortium experienced as a result of her son's death. |
| 12. | Haley Gallagher<br>10 Merrill Ave.<br>Amesbury, MA 01913 | Briefly, will also provide evidence of her observations of the events of May 9, 2001 leading up to the demise of her brother, the Decedent. In addition, she will establish the severe emotional distress experienced as a result of her brother's death. |
| 13. | Kelly Gallagher<br>10 Merrill Ave.<br>Amesbury, MA 01913 | Briefly, will also provide evidence of her observations of the events of May 9, 2001 leading up to the demise of her brother, the Decedent. In addition, she will establish the severe emotional distress experienced as a result of her brother's death. |
| 14. | Dr. Richard Mack<br>21 Highland Ave.<br>Newburyport, MA 01950 | The Decedent's condition related to allergies and disabilities. |
| 15. | Dr. George Kury<br>Office of the Chief Medical Examiner<br>720 Albany St. |   |

| Boston, MA 02118 | |

Plaintiffs have not disclosed the identity of any persons who may be used at trial to present evidence under Rules 702, 703, 705, of the Federal Rules of Evidence. Plaintiff will disclose the identity of any such individual as required by Rule 26(a)(2) or as otherwise ordered by this Court and will supplement this Automatic Disclosure Statement in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

### Description of Potentially Relevant Documents

All documents have been previously furnished to the Defendants or their attorneys.

### Computation of Damages

1. Compensation for the loss of the reasonable expected net income, service, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages.
2. Compensation for severe emotional distress.
3. The reasonable funeral and burial expenses of the decedent.
4. Punitive damages in an amount of not less than $5,000.00, when the death was caused by gross negligence, pursuant to MGL Chapter 229 § 2

**Plaintiff estimates its total damages to be approximately $7,000,000.00**

### Insurance Agreements

As requested by Discovery Plaintiff hopes to learn the full extent of Insurance Coverage on all Defendants.

Dated: February 11, 2005

Plaintiff,
By their Attorney,

s/*Anthony M. Fredella*
Anthony M. Fredella

34 Atlantic Street
Gloucester, MA 01930-1625
Telephone: 978-281-5393
Fax: 978-282-4384
B.B.O. No.: 178160